**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____ Chapter __11__

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **High Valley Investments, LLC** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | **N/A** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **91-1996995** |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**680 S. Cache St.**
**Suite 100-8640**
**Jackson, Wyoming 83001**

Number, Street, City, State & ZIP Code

**Teton**

County

**Mailing address, if different from principal place of business**

P.O. Box, Number, Street, City, State & ZIP Code

**Location of principal assets, if different from principal place of business**

Number, Street, City, State & ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **N/A** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    **High Valley Investments, LLC**                                          Case number (*if known*) _____
         Name

**7.**  **Describe debtor's business**    A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

5311

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| | | | | |
|---|---|---|---|---|
| District | _____ | When | _____ | Case number _____ |
| District | _____ | When | _____ | Case number _____ |

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

☒ Yes.

| Debtor | High Valley Investments, LLC | Case number (if known) | |
|---|---|---|---|
| | Name | | |

List all cases. If more than 1,
attach a separate list

| | | | | |
|---|---|---|---|---|
| Debtor | **See Attached Rider 1** | | Relationship | |
| District | **Delaware** | When | Case number, if known | |

---

**11. Why is the case filed in this district?**    *Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**    *Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated Assets**

☐ $0 - $50,000
☒ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☒ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

---

| Debtor | **High Valley Investments, LLC** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **09/27/2023**
               MM / DD / YYYY

**X**   */s/ John P. Madden*                  **John P. Madden**
Signature of authorized representative of debtor        Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**

**X** */s/ Sean M. Beach*              Date   **09/27/2023**
Signature of attorney for debtor                    MM / DD / YYYY

**Sean M. Beach**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**1000 N. King Street, Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-571-6600**      Email address   **sbeach@ycst.com**

**4070, Delaware**
Bar number and State

## RIDER 1

## Pending Bankruptcy Cases Filed by the Debtor and Its Affiliates

On the date hereof, each of the related entities listed below (collectively, the "**Debtors**"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "**Court**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532. Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| 680 North Leadville LLC | 85-3043763 |
| Bay Hill Terrace, LLC | 84-5134144 |
| Bethel Road Partners, LLC | 45-4795488 |
| Big Wood Partners, LLC | 92-1109037 |
| Bird Drive Partners, LLC | 92-2389827 |
| Chelsea Park Associates, LLC | 91-2076389 |
| Collins Park Acreage, LLC | 82-4066988 |
| Cross Creek Land, LLC | 85-2850875 |
| Edwards Estate Vineyards, LLC | 71-1007304 |
| High Valley Investments, LLC | 91-1996995 |
| Hudson River Private Family Trust Company, LLC | 92-2367784 |
| J. Scott Construction, Inc. | 91-1474875 |
| Kimberly Gardens, LLC | 91-2076393 |
| Lupine Road Partners, LLC | 92-2405498 |
| Midland Self-Storage, LLC | 26-2386824 |
| North Leadville, LLC | 92-2467771 |
| Portland Avenue Business Park, LLC | 48-1261732 |

30674568.3

**WRITTEN CONSENT OF THE MANAGER**

**OF**

**BAY HILL TERRACE, LLC**
**BETHEL ROAD PARTNERS, LLC**
**BIG WOOD PARTNERS, LLC**
**BIRD DRIVE PARTNERS, LLC**
**COLLINS PARK ACREAGE, LLC**
**CROSS CREEK LAND, LLC**
**EDWARDS ESTATE VINEYARDS, LLC**
**HIGH VALLEY INVESTMENTS, LLC**
**KIMBERLY GARDENS, LLC**
**LUPINE ROAD PARTNERS, LLC**
**MIDLAND SELF-STORAGE, LLC**
**NORTH LEADVILLE, LLC**
**PORTLAND AVENUE BUSINESS PARK, LLC**

September 25, 2023

The undersigned, acting in the undersigned's capacity as the manager (the "Manager") of each of Bay Hill Terrace, LLC, a Delaware limited liability company, Bethel Road Partners, LLC, a Delaware limited liability company, Big Wood Partners, LLC, a Delaware limited liability company, Bird Drive Partners, LLC, a Delaware limited liability company, Collins Park Acreage, LLC, a Delaware limited liability company, Cross Creek Land, LLC, a Delaware limited liability company, Edwards Estate Vineyards, LLC, a Delaware limited liability company, High Valley Investments, LLC, a Delaware limited liability company, Kimberly Gardens, LLC, a Delaware limited liability company, Lupine Road Partners, LLC, a Delaware limited liability company, Midland Self-Storage, LLC, a Washington limited liability company, North Leadville, LLC, a Delaware limited liability company, and Portland Avenue Business Park, LLC, a Washington limited liability company (each, a "Company" and collectively, the "Companies"), hereby takes the following actions and adopts, approves, and consents to the following resolutions by written consent without a meeting, pursuant to the Delaware Limited Liability Company Act and the Washington  Limited Liability Company Act, as applicable, and directs that this written consent (this "Consent") be filed with the records of proceedings of the manager  of each Company:

**WHEREAS**, the Manager has the authority to bind each of the Companies;

**WHEREAS**, the Manager has reviewed and considered the financial and operational condition of each of the Companies, and each of the Companies' businesses on the date hereof, including the assets of each of the Companies, and current and long-term liabilities of each of the Companies, and the recommendations of the Companies' legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding for each of the Companies under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the Manager has determined that it is in the best interests of each of the Companies and the Companies' stakeholders, creditors, and other interested parties to commence a case (with respect to each Company, a "<u>Bankruptcy Case</u>") under the provisions of chapter 11 of the Bankruptcy Code.

**NOW, THEREFORE, BE IT:**

**<u>Appointment of Chief Restructuring Officer</u>**

**RESOLVED**, that John P. Madden, of Emerald Capital Advisors, Corp. ("<u>Emerald Capital</u>"), is hereby appointed as the Chief Restructuring Officer (the "<u>CRO</u>") of each of the Companies, and it is further

**RESOLVED**, that the CRO of each of the Companies shall be authorized and delegated the sole and independent authority over the following issues and services with respect to each Company without the consent or direction of the Manager:

1. Direct day-to-day management of restructuring, sale, liquidation and reorganization or wind-down related efforts of each Company (either in court or out-of-court) (the "<u>Restructuring</u>"), including without limitation any Chapter 11 Restructuring plan, Restructuring financing and claims reconciliation/settlements related thereto and the negotiation and implementation of each of the foregoing;

2. Management and control of all cash, cash forecasting, bank accounts, bankruptcy reporting and liquidity management in connection with a Restructuring;

3. Negotiation of the terms of any debtor-in-possession or exit financing to each Company in connection with a chapter 11 bankruptcy filing and/or Restructuring plan proposed by such Company;

4. Negotiation of the terms of any material agreement or settlement between a Company and another party that relates to the Restructuring;

5. Pursuit in a Chapter 11 Restructuring of any claims, including litigation claims, a Company might hold;

6. Marketing and sale of each of the Company's saleable assets during the pendency of any chapter 11 commenced by a Company;

7.  Causing any bankruptcy case filed under chapter 11 of the Bankruptcy Code by a Company to be converted to a case under chapter 7;

8.  Performing such other services as may be reasonably requested and/or directed by the Manager from time to time;

9.  Providing testimony regarding the foregoing or negotiating and interfacing with parties, including but not limited to the Office of the United States Trustee, in connection with any Chapter 11 bankruptcy proceeding commenced by a Company; and

10. Taking any and all actions necessary to fulfill the responsibilities set forth above, including executing all necessary documentation on behalf of a Company to effectuate the same; and it is further

**RESOLVED**, that, because the CRO and Additional Personnel will require on-site access to review books, records, reports and other data located at the offices of each Company and to discuss matters with its management and other personnel, each Company will provide full access at reasonable times to (a) their computer systems (including reasonable computer services support), (b) their banking and cash management systems, and (c) their other professional advisors, including their independent accountants and outside counsel; and it is further

**RESOLVED**, that the term of John Madden's service as CRO, and Emerald Capital's engagement, including the independent and sole authority delegated herein, shall continue through and including the duration of the Restructuring; and it is further

## Commencement and Prosecution of Bankruptcy Case

**RESOLVED**, that, in the judgment of the Manager, it is desirable and in the best interests of each of the Companies, the creditors of each of the Companies, and other stakeholders and interested parties of each of the Companies, that a voluntary petition (the "Petition") be filed by each of the Companies with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") under the provisions of chapter 11 of the Bankruptcy Code to commence each of the Bankruptcy Cases; and it is further

**RESOLVED**, that the filing of the Petition on behalf of each of the Companies be, and hereby is, approved and adopted in all respects, and that any officer or manager of the Manager (each, an "Authorized Person"), including, without limitation, the CRO, be, and hereby is, authorized and empowered on behalf of each of the Companies, to execute, acknowledge, deliver, and verify the Petition and to cause the same to be filed with the Bankruptcy Court at such time as such Authorized Person may determine; and it is further

**RESOLVED**, that the Authorized Person be, and hereby is, authorized to: (i) execute and file all petitions, schedules of assets and liabilities, statements of financial affairs, lists, and other papers to take any and all related actions that such Authorized Person may deem necessary or proper in connection with the applicable Bankruptcy Case; (ii) execute, acknowledge, deliver, and

verify any and all documents necessary or proper in connection with the Petition and to administer the applicable Bankruptcy Case in such form or forms as such Authorized Person may deem necessary or proper and in order to effectuate the foregoing resolutions; and (iii) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers, or other experts as such Authorized Person deems necessary or proper to accomplish the purposes of the resolutions; and it is further

     **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the applicable Company, to perform the obligations of such Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the applicable Company; and it is further

     **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered from time to time in the name and on behalf of the applicable Company, to cause such Company to enter into, execute, deliver, certify, file, record, and perform such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions, as in the judgment of the Authorized Person, shall be necessary, proper, or desirable to prosecute to a successful completion the Bankruptcy Case and to effectuate the restructuring or liquidation of such Company's debt, other obligations, organizational form, or structure and ownership of such Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of these resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

## Retention of Professionals

     **RESOLVED**, that the engagement of the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>") is hereby authorized and approved and Young Conaway be, and hereby is, authorized, directed, and empowered to represent each of the Companies as general restructuring and bankruptcy counsel to represent and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each of the Companies' rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, an Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

     **RESOLVED**, that the engagement of Emerald Capital to provide each of the Companies with a CRO and additional support personnel is hereby authorized and approved, and Emerald Capital be, and hereby is, authorized, directed, and empowered to assist each of the Companies in

carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the each of the Companies' rights and obligations in connection with the Bankruptcy Case; and in connection therewith, an Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Emerald Capital; and it is further

**RESOLVED**, that the engagement of Gibson, Dunn & Crutcher LLP ("Gibson Dunn") is hereby authorized and approved and Gibson Dunn be, and hereby is, authorized, directed, and empowered to serve as special counsel to represent each of the Companies and assist each of the Companies in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights, including the preparation of pleadings and filings in the Bankruptcy Case; and in connection therewith, the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Gibson Dunn; and it is further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to employ any other individual or firm as professionals, consultants, financial advisors, or investment bankers to the Companies as are deemed necessary to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Case, and to cause to be filed an appropriate application or motion for authority to retain the services of such individual or firms; and it is further

## Postpetition Financing

**RESOLVED**, that in connection with the commencement of the Bankruptcy Case by each of the Companies, the Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each of the Companies, as debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Case, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s); and in connection therewith, the Authorized Person is hereby authorized and directed to execute appropriate agreements and related ancillary documents; and it is further

**RESOLVED**, that in connection with the commencement of the Bankruptcy Cases by the Companies and certain affiliates of the Companies, the Authorized Person shall be, and hereby is, authorized, directed, and empowered, in the name and on behalf of each of the Companies, as debtor and debtor in possession, to negotiate, execute, and obtain postpetition financing, including under debtor-in-possession credit facilities; and to enter into any guarantees and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such postpetition

financing; and in connection therewith, the Authorized Person is hereby authorized and directed to execute appropriate loan agreements and related ancillary documents; and it is further

**General**

     **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies, to perform the obligations of each of the Companies under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by each of the Companies; and it is further

     **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, in the name of and on behalf of each of the Companies, to cause each of the Companies to enter into, execute, deliver, certify, file, record, and perform under such agreements, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certificates, or other documents, to pay all expenses, including filing fees, and to take such other actions as in the judgment of such Authorized Person, shall be necessary, proper, and desirable to prosecute a successful completion of the Bankruptcy Case and to effectuate the restructuring or liquidation of each of the Company's debts, other obligations, organizational form and structure and ownership of each Company, all consistent with the foregoing resolutions and to carry out and put into effect the purposes of which the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it is further

     **RESOLVED**, that the Authorized Person be, and hereby is, authorized, directed, and empowered, on behalf of and in the name of each of the Companies, to take such actions and execute and deliver such documents as may be required or as the Authorized Person may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including, without limitation, the execution and delivery of any consents, resolutions, petitions, schedules, lists, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Authorized Person shall approve, the taking or execution thereof by any Authorized Person being conclusive evidence of the approval thereof by the Authorized Person and such Company; and it is further

     **RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of these resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified; and it is further

**RESOLVED**, that facsimile, .pdf copies, or other electronic forms of signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals.

[*Signature page follows*]

**IN WITNESS WHEREOF**, the undersigned, as the manager of each of the Companies, has executed this written consent effective as of the date first written above.

Manager:

**680 NORTH LEADVILLE LLC**

By: _____
Name: Scott J. Edwards
Title:   Manager

*[Signature Page to Written Consent of Manager of Bay Hill Terrace, LLC, Bethel Road Partners, LLC, Big Wood Partners, LLC, Bird Drive Partners, LLC, Collins Park Acreage, LLC, Cross Creek Land, LLC, Edwards Estate Vineyards, LLC, High Valley Investments, LLC, Kimberly Gardens, LLC, Lupine Road Partners, LLC, Midland Self-Storage, LLC, North Leadville, LLC, and Portland Avenue Business Park, LLC]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| HIGH VALLEY INVESTMENTS, LLC, *et al.*,[1] | Case No. 23-_____ (\_\_\_\_\_) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "**Debtor**") hereby state as follows:

1.　　Non-Debtor Scott J. Edwards Living Trust ("**Living Trust**"), a Wyoming revocable trust, owns an 80% membership interest in Debtor High Valley Investments, LLC ("**HVI**"), whose address is 680 S. Cache St., Suite 100-8640, Jackson, Wyoming 83001, and non-Debtor Scott J. Edwards Irrevocable Decanter Trust ("**Decanter Trust**"), a Wyoming irrevocable trust, owns a 20% membership interest in HVI.

2.　　HVI owns 100% of the membership interests in each of the following Debtors:

- Collins Park Acreage, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 8300

---

[1]　The debtors in these chapter 11 cases, along with the last four digits of each debtor's federal tax identification number, are:  High Valley Investments, LLC (6995); Bethel Road Partners, LLC (5488); Edwards Estate Vineyards, LLC (7304); Kimberly Gardens, LLC (6393); Collins Park Acreage, LLC (6988); Cross Creek Land, LLC (0875); Portland Avenue Business Park, LLC (1732); Chelsea Park Associates, LLC (6389); Midland Self-Storage, LLC (6824); Bay Hill Terrace, LLC (4144); Bird Drive Partners, LLC (9827); Lupine Road Partners, LLC (5498); North Leadville, LLC (7771); Big Wood Partners, LLC (9037); Hudson River Private Family Trust Company, LLC (7784); 680 North Leadville LLC (3763); and J. Scott Construction, Inc. (4875).  For purposes of these chapter 11 cases, the debtors' service address is 1830 112th St. E., Suite F, Tacoma, WA 98445-3747.

30674560.2

- Cross Creek Land, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- Chelsea Park Associates, LLC
  1830 112th St. E., Suite F
  Tacoma, WA 98445-3747

- Bay Hill Terrace, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- 680 North Leadville LLC
  1830 112th St. E., Suite F
  Tacoma, WA 98445-3747

3.      With respect to each of the following Debtors, (a) HVI owns 100% of the equity interests and 0% of the voting membership interests; and (b) Decanter Trust owns 0% of the equity interests and 100% voting membership interests:

- Kimberly Gardens, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- Midland Self-Storage, LLC
  1830 112th St. E., Suite F
  Tacoma, WA 98445-3747

- Portland Avenue Business Park, LLC
  1830 112th St. E., Suite F
  Tacoma, WA 98445-3747

4.      Living Trust owns 100% of the membership interests in Debtor Edwards Estate Vineyards, LLC, whose address is 680 S. Cache St., Suite 100-8640, Jackson, Wyoming 83001.

5.      Decanter Trust owns 100% of the membership interests in the following Debtors:

- Bird Drive Partners, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- Lupine Road Partners, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- North Leadville, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

- Big Wood Partners, LLC
  680 S. Cache St., Suite 100-8640
  Jackson, Wyoming 83001

6.      HVI owns 69% of the membership interests in Debtor Bethel Road Partners, LLC ("**Bethel**"), whose address is 680 S. Cache St., Suite 100-8640, Jackson, Wyoming 83001; and Living Trust owns 31% of the membership interests in Bethel.

7.      Non-Debtor Scott J. Edwards, in his individual capacity, is (a) the sole member of Debtor Hudson River Private Family Trust Company, LLC, whose address is 680 S. Cache St., Suite 100-8640, Jackson, Wyoming 83001; and (b) the sole shareholder of Debtor J. Scott Construction, Inc., whose address is 1830 112th St. E., Suite F, Tacoma, WA 98445-3747.

Fill in this information to identify the case:

Debtor name  **High Valley Investments, LLC, *et al.***

United States Bankruptcy Court for the:

**DISTRICT OF DELAWARE**

Case number (if known): _____

☐ Check if this is an

amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).   Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Hardcore Carpentry, LLC P.O. Box 4523 Ketchum, ID 83340 | Jaime Pedraza hardcorecarpentry@gmail.com | Trade Claim | | | | $44,694.00 |
| Tacoma Public Utilities | (253) 502-8600 | Utilities | | | | $1,792.18 |
| Pierce County Sewer P.O. Box 11620 Tacoma, WA 98411 | | Utilities | | | | $1,778.90 |
| Spanaway Water Company P.O. Box 1000 Spanaway, WA, 98387 | (253) 531-9024 | Utilities | | | | $364.87 |
| City of Ketchum P.O. Box 2315 Ketchum, ID, 83340 | | Utilities | | | | $342.59 |
| A.P. Alarm Partnsale | | Trade Claim | | | | $296.31 |
| Idaho Power P.O. Box 3909 Hailey, Idaho 83333 | | Utilities | | | | $250.00 |
| Elmhurt Mutual Power & Light Co. 219 Prospect Street Orchard, WA 98366 | (360) 876-5139 | Utilities | | | | $133.32 |
| City of Port Orchard Utility P.O. Box 1740 Ketchum, ID 83340 | | Utilities | | | | $28.00 |
| Resource Transition Consultants, LLC 4100 194th Street SW, Suite 208 Lynnwood, WA 98036-4613 | Kevin Hanchett hanchett@rtcreceivers.com (425) 678-8366 | Judgment | | | | Undetermined |
| American Express, Inc. | | Unsecured Liability | | | | Undetermined |
| Bank of America, N.A. | | Unsecured Liability | | | | Undetermined |
| JPMorgan Chase Bank, N.A. | | Unsecured Liability | | | | Undetermined |

**Fill in this information to identify the case:**

Debtor name    **High Valley Investments, LLC,** *et. al.*

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)    _____

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.   Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.   Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.   18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐    *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐    *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐    *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐    *Schedule H: Codebtors* (Official Form 206H)
☐    *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐    Amended *Schedule*
☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☒    Other document that requires a declaration    **Consolidated Corporate Ownership Statement and List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **09/27/2023**         X  **/s/ John P. Madden**
                                                        Signature of individual signing on behalf of debtor

                                                        **John P. Madden**
                                                        Printed name

                                                        **Chief Restructuring Officer**
                                                        Position or relationship to debtor